IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VERNON RAY STIFF, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 3:23-CV-916-X-BT |
| | § | (NO. 3:20-CR-032-X) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Vernon Ray Stiff under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The Court, having considered the motion, the response, the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.   BACKGROUND**

The record in the underlying criminal case reflects the following:

On February 26, 2020, Movant was named in a twenty-count superseding indictment charging him in count one with conspiracy to possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846, in count nine with maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1), and in count twenty with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). CR ECF No.[1] 104. Movant initially entered a plea of not guilty. CR ECF No. 135. He later signed a plea agreement, CR ECF No. 166, and factual resume. CR ECF No. 168. The factual resume set forth the elements of the offense charged

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 3:20-CR-032-X.

in count one of the superseding indictment and the stipulated facts establishing that Movant had committed the offense. *Id.* The plea agreement set forth the maximum penalties to which Movant was exposed; that the guidelines were not binding on the Court and that no one could predict with certainty the sentence that would be imposed; that the plea was freely and voluntarily made and was not the result of force, threats, or promises and that there had been no guarantees or promises as to what sentence the Court would impose; Movant waived his right to appeal except in limited circumstances; and, Movant and counsel had thoroughly reviewed all legal and factual aspects of the case and Movant was satisfied with counsel's representation. CR ECF No. 166.

Movant waived the right to appear in person and appeared via video conference for rearraignment. CR ECF No. 215. He testified under oath that: he and his counsel had discussed the guidelines and how they might apply in his case; he understood that he should not depend or rely on any statement or assurance by anyone as to what sentence would be imposed because only the judge could make that decision; he and counsel had had a full opportunity to discuss his case and proposed plea and he was satisfied with counsel's representation; he understood the essential elements of count one of the superseding indictment and admitted that he committed each element; no one had made any promise or assurance of any kind to induce him to plead guilty; before signing the plea agreement, he had read, understood, and discussed it with counsel; he understood the penalties he faced and that if his sentence was greater than he expected, he would not be allowed to withdraw his plea; before signing the factual resume he read, understood, and discussed it with counsel; and, all of the facts listed in the factual resume were true and correct. CR ECF No. 771.

Movant was sentenced to a term of imprisonment of 270 months and the remaining counts of the superseding indictment were dismissed. CR ECF No. 656. Movant appealed. CR ECF No.

687. Trial counsel filed a motion to withdraw, citing disagreement about the merits of an appeal. CR ECF No. 688. The Court granted the motion, CR ECF No. 718, and another attorney was appointed to represent Movant on appeal. CR ECF No. 751. That attorney filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and was allowed to withdraw. The appeal was dismissed. *United States v. Stiff*, No. 21-10997, 2022 WL 4007312 (5th Cir. Sept. 2, 2022).

## II.     GROUND OF THE MOTON

Movant alleges that he received ineffective assistance of counsel in three respects: (1) trial counsel breached a promise to oppose any firearm sentencing enhancement; (2) trial counsel failed to investigate mitigating evidence and failed to move for downward variance; and (3) the cumulative effect of trial counsel's errors denied Movant effective assistance. ECF No.[2] 2.

## III.    APPLICABLE LEGAL STANDARDS

### A.     28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues Aare raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack.@ *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B.  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant

must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

IV.     **ANALYSIS**

Movant first alleges that his plea was not knowing and voluntary because counsel failed to keep a promise to oppose any firearm sentencing enhancement. However, as the government points out, Movant failed to raise this ground on appeal; thus, he cannot raise it here unless he can show cause and prejudice. *Bousley v. United States*, 523 U.S. 614, 621 (1998). But Movant does not address the failure to raise this ground on appeal.

Movant could not prevail in any event because any contention that his plea was not knowing, voluntary, and intelligent is belied by the record, which reflects that the plea was made knowingly and voluntarily and with notice of the consequences thereof. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Movant testified under oath at rearraignment that no one had made any promises or otherwise induced him to plead guilty. CR ECF No. 771 at 16, 20. Further, he understood that he should not rely on any statement or assurance by anyone as to what sentence would be imposed as that was a matter within the Court's discretion. *Id.* at 12. In addition, he testified that he had read and understood the plea agreement and discussed it with counsel before signing it. *Id.* at 16–17. Movant's testimony is entitled to a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The factual resume and plea agreement Movant signed are also accorded great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). In the factual resume, Movant

stipulated to the facts establishing that Movant had committed the offense charged by count one of the superseding indictment. CR ECF No. 168. The plea agreement reflects that that the plea was freely and voluntarily made and not the result of force or threats or promises aside from those set forth in the agreement and that Movant had thoroughly reviewed all legal and factual aspects of the case with his attorney and was fully satisfied with his attorney's legal representation. CR ECF No.166. In particular, he had reviewed the guidelines with his counsel, but understood that no one could predict the outcome of the Court's consideration of the guidelines in his case. *Id.* at 3. He has not come forward with any evidence bearing the slightest indicia of reliability to overcome his testimony. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (movant seeking relief on the basis of an alleged promise must prove (1) the exact terms of the promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise).[3]

Movant next alleges that counsel was ineffective for failing to investigate evidence that would have undermined the two-level gun enhancement. In particular, he refers to a recorded conversation between himself and Tyrell Washington in which Washington told Movant he had brought guns to Movant's house and Movant told Washington to get the guns out. ECF No. 2 at 32–35. Movant says that counsel "refused to investigate Movant's claim" or interview Washington, saying that "no one is going to believe that." *Id.* at 34. Based on counsel's apparently lengthy relationship with Movant, *id.* at 55; CR ECF No. 770 at 37, the reaction does not appear to be unreasonable. In any event, Movant clearly knew a coconspirator was keeping weapons at

---

[3] The document upon which Movant relies to establish the alleged promise actually reflects that counsel anticipated that Movant would receive a two-point enhancement for possession of a gun in addition to other enhancements. ECF No. 2 at 45. (The page number references to ECF No. 2 will be to "Page __ of 64" at the top right portion of the document.). In addition, the letter from counsel indicates that the enhancement was foreseen. *Id.* at 54–55.

the house, so the enhancement was properly applied. *United States v. Hooten*, 942 F.2d 878, 882 (5th Cir. 1991). Movant himself possessed a number of weapons. CR ECF No. 292, ¶¶ 82, 83. And, other firearms and narcotics were found at another home Movant operated as a drug distribution location. *Id.*, ¶ 95. Because firearms, drugs, and drug proceeds were found together, the enhancement was proper. *United States v. Miller*, 598 F. App'x 284, 285 (5th Cir. 2015). Movant cannot show that any failure to investigate harmed him.[4]

Movant next alleges that counsel was ineffective for failing to pursue a "*Booker* variance." ECF No. 2 at 35–37. The best he can argue, however, is that had counsel filed a motion Movant "would have possibly faced a sentence below the applicable Guidelines range." *Id.* at 37. That does not meet the test of establishing a substantial likelihood that the outcome would have been different. *Harrington*, 562 U.S. at 112; *Strickland*, 466 U.S. at 687. The record reflects that counsel zealously represented Movant such that the Court construed the third objection as a motion for downward variance. CR ECF No. 770 at 30–31. The Court ultimately granted both a variance and a departure. CR ECF No. 657. Presentations by Movant and counsel moved the Court significantly off its position at the start of the sentencing hearing. CR ECF No. 770 at 52. The insinuation that the lower sentence was based solely on the allocution is incorrect.

Finally, Movant alleges that the cumulative effect of counsel's errors rendered his performance ineffective. ECF No. 2 at 39. His reference to *Cronic*[5] is wholly inappropriate. *Id.*

---

[4] In fact, had Movant persisted in a frivolous objection to the gun enhancement, he likely would have lost acceptance of responsibility, which counsel apparently recognized. *See* CR ECF No. 770 at 10 (withdrawing objection), 25 (not trying to shirk responsibility).

[5] *United States v. Cronic*, 466 U.S. 648 (1984) (Sixth Amendment is not implicated absent some effect of the challenged conduct on the reliability of the trial process).

Movant has not demonstrated that counsel was ineffective in any respect. There are no errors to cumulate. *Miller*, 200 F.3d at 286 n.6 (quoting *Yohey v. Collins*, 985 F.2d 222, 229 (5th Cir. 1993)).

## V.  CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in Movant's motion under § 2255. The Court further **DENIES** Movant's motion to supplement, ECF No. 15.[6]

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED on this 17th day of May, 2024**.

_____
**BRANTLEY STARR
UNITED STATES DISTRICT JUDGE**

---

[6] The motion does not appear to have been timely filed as it raises an entirely new argument and would not relate back to the original motion. Moreover, it was filed after the government filed its response to the original motion. And, in any event, Movant's medical condition was known to the Court at the time of sentencing. CR ECF No. 292, ¶¶ 138, 139; CR ECF No. 770 at 43, 46. As counsel rightly noted, a plea for sympathy was not going to be fruitful. ECF No. 2 at 54–55.